BEFORE THE FIRST DIVISION, APRIL 13, 1950

**No. 54236.**—John Nieder Co., Inc. *v.* United States, protest 141511–K (New York).

MOLLISON, Judge:   The merchandise the subject of this protest is described on the invoice as "Dry Argentine Ostrich Skins." It was assessed with duty at the rate of 20 per centum ad valorem under the provision in paragraph 1518 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 1518) for—

\* \* \* Feathers and downs, on the skin or otherwise, crude or not dressed, colored, or otherwise advanced or manufactured in any manner, not specially provided for \* \* \* .

The protest claim is for free entry under the provision in paragraph 1765 of the same act (19 U. S. C. § 1201, par. 1765) for—

* * * Skins of all kinds, raw, and hides not specially provided for.

A sample of the merchandise is in evidence as plaintiff's exhibit 1. It consists of what is obviously a raw skin with feathers attached, the latter being in a somewhat matted and dirty condition. The secretary of the plaintiff corporation, who testified that he had had more than 20 years' experience in the tanning and processing of raw skins into leather, and was familiar with the type of merchandise represented by exhibit 1 since 1935, stated that there were no large feathers on the skins and that in the process of tanning the skins into leather the feathers were destroyed. So far as he knew, the feathers as found on exhibit 1 had no commercial value, but he admitted that he had made no investigation of that phase of the matter.

This deficiency was, however, supplied by the testimony of defendant's witness, a feather merchant and importer of some 42 years' experience. He testified clearly that the feathers on exhibit 1 would have commercial value if they were detached from the skin, but that as found on exhibit 1 the considerable amount of labor required to detach them would "do away with the value of the feathers."

On the record as made, the principle enunciated in *A. C. Lawrence Leather Co.* v. *United States*, 21 Cust. Ct. 122, C. D. 1139, is applicable to the situation in the case at bar. It was there held that sheepskins with wool thereon, which wool could not be profitably removed and was actually lost in the process of tanning the skins into leather, were not dutiable as wool on the skin but were entitled to classification under the raw skins provision in paragraph 1765 of the free list, as is here claimed by the plaintiff.

Judgment will therefore issue sustaining the protest claim accordingly.